UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

FILED
JUN 10 A 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

Ronald Jon Guy
Plaintiff

vs.

Municipality of Hoover, Al.
Chief Nick Joseph
Sgt. Andy Brown
Lt. Bates
Nurse Martha Lynn, et al.

Case No. CV-14-H-1092-S
To be supplied by the Clerk of The Court

## COMPLAINT

Comes now the Plaintiff, without the benefit of counsel to petition this Honorable Court to rule in his causation pursuant to 42 USC § 1983. The facts are as follows.

1.) The Plaintiff is currently being housed in The Hoover Municipal Jail which has the contract to house Federal detainees and convicted Federal inmates in this district.

1.

2.) The Plaintiff has initiated several complaints against the Defendant's dealing with what he feels are violations of his constitutional rights guaranteed him by the Eighth (8th) and Fourteenth (14th) Ammendment to this Country's Constitution.

3.) The Plaintiff has initiated this causation against the Defendant's in both their Individual as well as their official capacities.

4.) Approximately Forty Five (45.) days after the Plaintiff's period of incarceration began the Plaintiff suffered from two (2.) teeth which became abcessed while in the custody and care of the Defendants.

5.) The Plaintiff followed proper procedure, filled out a medical request slip to receive medical attention for his abcessed teeth.

6.) The Plaintiff was then carried to Nurse Lynn for treatment of his infection. Nurse Lynn informed the Plaintiff after his examination that the teeth were abcessed and would

2.

have to be pulled. She then placed the Plaintiff on Amoxicillan three (3.) times per day for seven (7.) days. The Plaintiff finished his series of amoxicillan approximately ten (10.) days ago.

7.) The Plaintiff has since informed Nurse Lynn that his teeth are again causing him severe pain and would she please try to expidite his trip to the Dentist so he might have the abcessed teeth extracted. The Plaintiff informed Nurse Lunn that he again was experiencing a bloody discharge from his sinus cavity above the two abcessed teeth. Nurse Lynn also discontinued his Ibuprophen which he was receiving for the pain of two abcessed teeth.

## Discussion

3.

"A preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites." Northeastern Fla. Chapter v. Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990). In order to obtain a preliminary injunction, a movant must demonstrate "(1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." Zardui-Quintana v. Richard, 765 F.2d 1213, 1216 (11th Cir. 1985); Gold Coast Publ'ns Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994). The same standard applies to a request for a temporary restraining order. Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).

4.

The Plaintiff avers that he completed his antibiotic series of Amoxicillan. The swelling subsided for approximately five to seven days in which time the Defendant's should have transported the Plaintiff to the Dentist to have the teeth abstracted as the only two remedies for an abcess tooth are either to have the infected teeth removed or, to perform a root canal and remove the nerve from the tooth so it cannot become re-infected.

The Plaintiff asserts to this Court that no one who has ever experienced an abcessed tooth can deny that it is an extremely painfull ordeal and no health care proffessional can deny that an abcess tooth is an exstremely serious medical condition which can even lead to death. The Plaintiff asserts to this court that his teeth have again begun to abcess

and he has since been carried back to medical where Defendant, Dr. Bates, has started the Plaintiff on his second series of antibiotics too which, "Clyndomiacin." three times per day.

The Plaintiff avers to this Court that series after series of antibiotic therapy is not an acceptable form of treatment for an abcess tooth in the medical society as it can lead to resistance to antibiotics which can lead to blood poisoning and then death. The Plaintiff avers to this Court that the Defendant's are being deliberately indifferent to his serious medical need because they don't wish to pay for the abstraction of his abcessed teeth in violation of his eighth ammendment right to be free from cruel and unusual punishment.

The Plaintiff avers to this Court that he has met the burden of persuasion as to the

First prerequisite as there is a substantial likelihood that he will ultimately prevail on the merits of his claim because he has raised meritorious issues which are not frivulous.

The Plaintiff avers that he has met the burden of persuasion as to the second prerequisite as there can be no doubt he will suffer irreparable injury unless an injunction is issued, "to include death."

The Plaintiff avers that he has met the burden of persuasion as to the third pre- requisite as there can be no doubt the threatened injury of Death to the movant clearly outweighs whatever damage the proposed injunction may cause the opposing party.

The Plaintiff avers that he has met the burden of persuasion as to the Fourth prerequisite as he has no escapes in his history, has lived in Alabama for fifty (50.) years,

7.

does not pose a flight risk and Therefore; would not be adverse to the publics interest. See, Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).

## RELIEF

The Plaintiff will be seeking nominal damages in the amount of one (1) dollar from the Defendant's as well as punitive damages in the amount of twenty five dollars per day and compensatory damages in the amount of twenty five (25) dollars per day for each day the Defendant's have violated the Plaintiffs Eighth (8th) and Fourteenth (14th) Ammendment Constitutional Right.

The Plaintiff avers that he has clearly met the burden of persuasion as too the four prerequisites required THEREFORE; he would ask this Honorable Court to issue an Immediate

Temporary Restraining Order ordering that; "The Defendant's immediately transport the Plaintiff to a Liscenced DDM. to have his abcessed teeth abstracted so the Plaintiff does not suffer irreparable injury, to include death." Pursuant to The Federal Rules Of Civil Procedure.

Respectfully Submitted;

This I swear under penalty of perjury the 9th day of June, 2014.

Ronald Jon Guy
Plaintiff
pro-se